IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>VERNON CREVISTON,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br><br>Case No. 2:07-CR-220 TS |

This matter is before the Court for consideration of Defendant's Motion for Early Termination of Supervised Release.[1] For the reasons discussed below, the Court will grant the Motion.

I.  BACKGROUND

A Superseding Felony Information was brought against Defendant on August 21, 2007, alleging one count of violation of 18 U.S.C. § 922(g)(3), possession of a firearm by an unlawful user of or person addicted to a controlled substance.  On August 22, 2007, Defendant waived in

---

[1]Docket No. 43.

1

open court prosecution by indictment on the charge in the Felony Information and consented that the proceeding on the charges be by information rather than indictment. Defendant pleaded guilty to count one of the Superseding Felony Information, namely possession of a firearm by an unlawful user or person addicted to a controlled substance in violation of 18 U.S.C. § 922(g)(3). Defendant was sentenced on November 20, 2007, to a period of 27 months in the custody of the Bureau of Prisons, to be followed by a 36-month term of supervised release. Defendant now moves to terminate that supervision. The government has not objected to the Motion.

In his Motion, Defendant states that he has completed 19 of his 36 months of supervised release. Defendant indicates that he has complied with all of the requirements of supervised release and has paid off $2,600 in fines owed to the State of Utah. Defendant also indicates that he would like to move to Arizona to put all of this behind him, get a fresh start, and get on with his life.[2] Consultation with Defendant's supervising officer confirms that Defendant has remained compliant with the terms of his supervised release.

## II. DISCUSSION

18 U.S.C. § 3583(e) permits the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is (1) warranted by the conduct of an offender and (2) is in the interest of justice. In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

---

[2]*Id.*

Having considered these factors, reviewed the docket and case file, and consulted with Defendant's supervising officer, the Court finds that early termination of Defendant's term of supervised release is both warranted by the conduct of the offender and in the interest of justice.

III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Early Termination of Supervised Release (Docket No. 43) is GRANTED.  It is further

ORDERED that Defendant's term of supervised release shall be terminated effective immediately and this case shall be closed.

DATED   December 6, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge